IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| ANTELOPE TECHNOLOGIES, INC., | ) | CASE NO. 07-31159-H3-11 |
| | ) | |
| Debtor, | ) | |
| | ) | |

## MEMORANDUM OPINION

The court has held a hearing on its Order to Show Cause (Docket No. 181) why the above captioned Chapter 11 case should not be dismissed. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered dismissing the above captioned case. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Background

On February 14, 2007, Antelope Technologies, Inc. ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

On the petition date, Debtor filed a Chapter 11 plan of reorganization. (Docket No. 2). The plan drew objections from Stephen Guyer (Docket No. 35, 72), and from Janice Lowe and Alan Taylor (Docket No. 36), all of whom were shareholders of Debtor.

Taylor was formerly Debtor's CEO.  (Docket No. 76).

This court confirmed the Debtor's plan, over the objections of Guyer, Lowe, and Taylor, by order entered November 20, 2007.  (Docket No. 107).

Lowe and Taylor appealed the order confirming the plan. On August 11, 2008, the United States District Court for the Southern District of Texas entered an order vacating the confirmation order and remanding to this court for further proceedings.  The United States District Court for the Southern District of Texas noted, in its Memorandum Order and Opinion, the appearance that the instant case was not filed in good faith, as a result of allegations of fraudulent conduct on the part of Debtor and its management.[1]  The United States District Court for the Southern District of Texas noted that the plan essentially operated to release Debtor's management from causes of action asserted in shareholder litigation commenced by Guyer, Lowe, Taylor, and others in the United States District Court for the Eastern District of Texas, and that Debtor had stated that the case was filed primarily in order to avoid the effect of the shareholder litigation.  (Docket No. 21, Case No. 4:07cv4135).

---

[1] These allegations include that Klaus Genssler "gained control of the Board of Directors and 51% of the stock by means which the minority shareholders allege were unethical and illegal."  (Docket No. 21, Case No. 4:07cv4135, at p. 2).

2

In light of the opinion of the United States District Court for the Southern District of Texas, this court set additional hearings on motions to appoint a trustee, to dismiss, and for relief from stay, all filed by Lowe and Taylor.  The court also set an additional evidentiary hearing on confirmation of the Chapter 11 plan.

On October 1, 2009, Lowe and Taylor withdrew their motion to dismiss.  On October 4, 2009, Lowe and Taylor withdrew their motion for relief from stay.  The court commenced a hearing on Lowe and Taylor's motion to appoint a trustee.  At the conclusion of the movants' evidence, the Cardenas Family, joined by Debtor, orally moved for a judgment on partial findings.  That oral motion remains pending.

In light of the withdrawal of the motion to dismiss filed by Lowe and Taylor, this court entered its Order to Show Cause (Docket No. 181) why the above captioned Chapter 11 case should not be dismissed, in light of, inter alia, the concerns of the United States District Court for the Southern District of Texas that the instant case was not filed in good faith, and the appearance that the instant case was filed for the purpose of obtaining an unfair advantage in a two-party dispute between the incumbent management of Debtor and its minority shareholders.

3

## Findings of Fact

Thomas J. Lykos, the interim CEO of Debtor, testified that he was introduced to the board of Debtor during the late spring or early summer of 2004. He testified that he was elected as the interim CEO in September, 2004.

On September 4, 2004, Debtor's board of directors approved the resignation of Kenneth A. Geyer, Thomas P. Scott, and Taylor as directors. The remaining board elected Lykos as Debtor's interim CEO. (Debtor's Exhibit 2).

On November 11, 2004, Lykos, an attorney and investment banker, made a report to Debtor's board of directors. The report noted, <u>inter</u> <u>alia</u>, that Lykos encountered difficulties determining whether property asserted to be property of the Debtor was in fact property of the Debtor, of Antelope Technologies Suisse, SA, or of certain vendors. Lykos asserted that Debtor was unable to make payments due in November, 2004. Lykos made recommendations based in part on his conclusion that more than $500,000 in Debtor's accounts receivable were uncollectible and would have to be written off. In the report, Lykos presented three proposals for the recapitalization of Debtor: the existing shareholders could contribute $1.6 to $2 million, the Debtor could obtain a capital infusion under a Chapter 11 plan, or Debtor could be liquidated. (Debtor's Exhibit

4

1).

Lykos testified that Debtor was unable to obtain financing, in part because of pending shareholder derivative litigation.[2]

On November 14, 2004, Debtor's board of directors considered, <u>inter alia</u>, a resolution presented by Lykos, as Debtor's interim CEO, in the form of a motion.  The Debtor resolved to file a Chapter 11 petition immediately, and authorized and directed Lykos to file a petition to effectuate the resolution.  The resolution was approved, by a 4-3 vote, with Lykos abstaining.  (Debtor's Exhibit 3).

Notwithstanding the conclusion of Lykos, adopted by the board on November 14, 2004, that Debtor should immediately file a Chapter 11 petition, the petition in the instant case was not filed until February 14, 2007.

Lykos testified that, between November, 2004 and February, 2007, the filing was delayed because of concerns that members of the board may have been personally liable for payroll taxes.

---

[2] The court notes that the shareholder litigation to which Lykos referred, which was pending at the time Lykos prepared his report, is not the shareholder derivative suit presently pending before the United States District Court for the Eastern District of Texas, in <u>Lowe et al. v. Eltan, B.V. et al.</u>, Case No. 9:05-CV38.

5

Lykos testified that, during the time after this court entered an order confirming the plan, and both before and after the United States District Court for the Southern District of Texas entered an order vacating this court's order confirming the plan, Debtor has paid all claims, and continues to do business with trade vendors on ordinary business terms. He testified that the plan was substantially consummated within one week after entry of the order confirming the plan.[3]

The plan, which was filed on the petition date, contemplated that Scaltech International, N.V. ("Scaltech") would provide debtor in possession financing to Debtor. The plan provided that Scaltech would provide exit financing to Debtor, which would be used to repay Scaltech's prepetition claim as well as the debtor in possession financing. The plan provided for payment of unsecured claims pro rata, and provided that the equity of Debtor would be issued to Scaltech in consideration for conversion of a portion of its debt to equity. (Docket No. 2). The United States District Court for the Southern District of Texas found that Genssler "was paid in full through Scaltech, and

---

[3]The court notes, however, that the United States District Court for the Southern District of Texas held that the appeal was not equitably moot, because the doctrine of equitable mootness should not be applied when the opposing party has made allegations that the Plan was procured by fraud or proposed in bad faith. (Docket No. 21, Case No. 4:07cv4135, at p. 8).

6

avoided the derivative lawsuit."  (Docket No. 21, Case No. 4:07cv4135, at p. 6).  The United States District Court for the Southern District of Texas found that Lykos has "admitted that the upcoming Shareholder Litigation trial prompted the filing of the Chapter 11 petition."  (Docket No. 21, Case No. 4:07cv4135, at p. 4).

The United States District Court for the Southern District of Texas found that Genssler is the owner of Scaltech, and that Lykos was Genssler's attorney. (Docket No. 21, Case No. 4:07cv4135, at p. 2).

## Conclusions of Law

The court may address the question of whether to dismiss a Chapter 11 case pursuant to Section 1112(b) of the Bankruptcy Code sua sponte.  In re Starmark Clinics, LP, 388 B.R. 729 (Bankr. S.D. Tex. 2008).

Courts consider the totality of the circumstances in determining whether there is cause for dismissal.  Matter of Atlas Supply Corp., 857 F.2d 1061 (5th Cir. 1988).  This court has generally found cause to dismiss cases in which it appeared that the debtor was attempting to use the provisions of the Bankruptcy Code to gain an unfair advantage in a two party dispute.  See e.g., In re Starmark Clinics, LP, 388 B.R. 729 (Bankr. S.D. Tex. 2008); In re Kemper, Case No. 04-82663-G3-7

7

(Slip Op. May 18, 2006); In re Gamma Env. Services, Inc., Case No. 01-32689-H3-7 (Slip Op. July 18, 2001); In re Leslie, Case No. 98-35386-H3-11 (Slip Op. February 12, 1999).  See also In re Mazzocone, 200 B.R. 568 (E.D. Pa. 1996); In re Ravick Corp., 106 B.R. 834 (Bankr. D.N.J. 1989); Argus Group 1700, Inc. v. Steinman (In re Argus Group 1700, Inc.), 206 B.R. 757 (E.D. Pa. 1997).

In the instant case, it appears clear that, although Lykos (and perhaps Genssler) saw an opportunity for growth of the Debtor's business through recapitalization, Debtor's near-term capital needs were not so urgent as to cause the filing of a Chapter 11 petition at the time Debtor's board authorized and directed Lykos to file it (Debtor's Exhibit 3), or for more than two years thereafter.  Indeed, in light of the passage of two years after that resolution was approved (itself passed after the resignation or ouster of previous management, including Taylor, the former CEO), the proposing on the petition date of a plan by which Genssler was to obtain a release of the shareholder litigation and retain control of Debtor, and Lykos' admission that the upcoming trial prompted the filing, the court infers that Debtor filed the petition in the instant case for the primary purpose of obtaining leverage in the shareholder litigation, not for the Debtor's financial reorganization or in response to a particular financial crisis.  There is litigation

8

pending in the United States District Court for the Eastern District of Texas addressing rights the minority shareholders believe have been infringed.  In light of the filing of the bankruptcy petition to gain an unfair advantage in the shareholder litigation, the absence of any clear need for financial reorganization, and the assertions that the management who ultimately filed the bankruptcy petition gained control by illegal or unethical means, which assertions can be dealt with in the pending shareholder litigation, the court concludes, on the totality of the circumstances, that the above captioned Chapter 11 case should be dismissed.

Based on the foregoing, a separate Judgment will be entered dismissing the above captioned Chapter 11 case.

Signed at Houston, Texas on January 7, 2010.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE